IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Dean Wease, #178490, ) | |
| ) | Civil Action No. 6:05-2204-GRA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Raymond Reed, Warden of Manning ) | |
| Correctional Institution; and Attorney ) | |
| General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined at the Manning Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for York County. The petitioner was indicted at the March 1991 term of the grand jury for York County for burglary, first degree; grand larceny; and criminal conspiracy. He was represented by attorneys Yale Zamore and Charles Hughes. A jury trial was held on June 18-19, 1991, at the conclusion of which the petitioner was found guilty of the charges. He was sentenced by the Honorable Robert L. McFadden to confinement for a period of 27 years for burglary, first degree, 10 years concurrent for grand larceny, and five years concurrent for criminal conspiracy.

The petitioner appealed his conviction to the South Carolina Supreme Court. He was represented in the appeal by Tara Shurling of the South Carolina Office of Appellate Defense. Two issues were raised in the appeal concerning the introduction of "other crime" evidence and the failure to declare a mistrial. On February 22, 1993, the South Carolina Supreme Court entered its opinion affirming the judgment of conviction and sentence. *State v. Wease*, 93-MO-051 (SCSCT Feb. 22, 1993).

***First Federal Habeas Action***

On February 14, 1992, the petitioner filed a federal habeas action (C.A. 3:92-0461-21AK) challenging his 1991 convictions and a February 16, 1983, grand larceny conviction in York County, which was fully served at the time. The respondents made a return and motion for summary judgment on April 3, 1992. On June 23, 1992, this court entered a recommendation that the case be dismissed. The report concluded that:

> The record establishes that the petitioner's sentences imposed in 1983 have expired and he is now in custody as a result of his 1991 sentence. As the petitioner is challenging only his expired 1983 sentences, this action must be dismissed pursuant to *Maleng*.
> * * *
> As his motion for summary judgment, the petitioner raises for the first time the issue that his "illegal" 1983 convictions prejudiced the jury in his 1991 conviction and that the illegal convictions enhanced his 1991 sentence. If the petitioner is challenging either his 1991 sentence or evidence offered at that trial, his proper remedy is state post-conviction relief.

Report, pp. 8, 9. On August 4, 1992, the Honorable William B. Traxler, Jr., then United States District Judge, entered his order dismissing the federal habeas corpus petition without prejudice.

*First State PCR Application*

On March 24, 1993, the petitioner filed an application for post-conviction relief ("PCR") in which he alleged that he was being held in custody unlawfully for the following reasons:

    (1)    Ineffective assistance of counsel.

        (a)    Failure to object to erroneous accomplice liability instruction.

        (b)    Failure to argue in mitigation of sentence.

        (c)    Failure to call witnesses and investigate case.

    (2)    "The trial judge omitted the portion of the charge on criminal responsibility and that is subject to reasonable limitations."

    (3)    Denied due process of law under the 14th amendment.

    (4)    Violation of 4th amendment rights.

The petitioner subsequently filed a motion to amend on June 4, 1993, alleging that he was being held in custody unlawfully for the following reasons:

    (1)    "The Applicant contends that he has been subjected to cruel and unusual punishment under the Eighth Amendment of the United States Constitution."

    (2)    "The arresting officer, J.E. Thomasson, made false statements to gain an arrest warrant against the Applicant as being the principal when the Applicant was not present when the crime was committed. This violated the Applicant's 14th Amendment Rights to Due Process of Law and 8th Amendment Rights to cruel and unusual punishment by false imprisonment."

The State filed its Return on July 7, 1993. On May 3, 1994, an evidentiary hearing was held before the Honorable J. Derham Cole, at which the petitioner was present and was represented by attorney Michael Brown. By Order dated September 26, 1994, Judge Cole denied and dismissed the petitioner's first application for PCR. The petitioner appealed the denial; however, his petition for a writ of certiorari was denied.

***Second State PCR Application***

The petitioner filed a second application for PCR on September 8, 1997, and filed a supplemental application on February 6, 1998. The respondent (the State) made its return and motion to dismiss on February 2, 1998, requesting that the petition be summarily dismissed as successive and as barred by the statute of limitations, as well as a supplemental return and motion to dismiss on March 5, 1998.

In that application, the petitioner alleged that he was being held in custody unlawfully for the following reasons:

(1) Violation of the ex post facto law.

(2) Denied good time, work and education credits.

In his "Amendments to his Application for Post Conviction Relief" dated February 6, 1998, the petitioner alleged he was being held in custody unlawfully for the following reasons:

(1) Ineffective assistance of appellate counsel where post-conviction counsel failed to amend the Applicant's pro se Application to include all grounds presented in the present Application.

(2) Ineffective assistance of trial counsel:

(a) Failure to object and request the court to give a curative charge during the Solicitor's opening statement to the jury which impermissibly shifted the burden of persuasion to the defendant on the issue of his culpability as a principal in the commission of this offense.

(b) Failure to request an instruction on the distinction between criminal culpability as an Accessory before the fact, Accessory after the fact or both in the commission of a felony.

(c) Failure to object and request the court give a curative charge during the Solicitor's closing argument to the jury which impermissibly shifted the burden of persuasion to the defendant on the issue of his culpability as a principal in the commission of the offense.

(d) Failure to request a charge instructing the jury that if they had a reasonable doubt as to whether the

4

> defendant was guilty of burglary first or burglary second it was their duty to resolve that doubt in his favor and fined [sic] him guilty of the lesser offense, where the offense of burglary first and burglary second were submitted to the jury.

Finally, in his "Supplemental Application" dated February 17, 1998, he further alleged he was being held in custody unlawfully for the following reason:

> (1) Ineffective assistance of trial counsel: failure to make a motion to quash the indictments against defendant.

On March 5, 1998, the State made a supplemental return and motion to dismiss seeking dismissal of all allegations raised in the amended and supplemental applications because they were successive and because they were barred by the statute of limitations.

A hearing into the matter was convened on December 2, 1999, before the Honorable Lee S. Alford. The petitioner was present at the hearing and was represented by attorney Cherie R. Teat. The State was represented by J. Benjamin Aplin of the South Carolina Office of the Attorney General. At the hearing, the State moved to dismiss the application. The petitioner argued his application was not successive or beyond the statute of limitations because it was based on issues which were not raised in his prior application. The PCR court also had before it the pleadings, the records of the York County Clerk of Court regarding the subject convictions, the petitioner's records from the South Carolina Department of Corrections, and the order denying the petitioner's prior application for PCR.

In his written order denying relief on August 28, 2000, Judge Alford held as follows:

> This Court has had the opportunity to review the record in its entirety and has heard the arguments and testimony presented at the PCR hearing. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (1985).
>
> *1. Successive*
> First, this Court finds that the current Application for PCR must be summarily dismissed because it is successive to the

5

Applicant's prior applications for PCR. The Uniform Post Conviction Procedure Act (the Act) provides that:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. § 17-27-90 (1985). Successive applications are disfavored and the burden is on the Applicant to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991); *Foxworth v. State*, 275 S.C. 615, 274 S.E.2d 415 (1981).

At the PCR hearing, the Applicant argued that he had legitimate allegations that were not raised in his prior application for PCR. He further argued that there exists "after discovered evidence" which entitles him to pursue this successive PCR Application. He proffered testimony regarding the alleged after discovered evidence. This Court finds the Applicant failed to carry his burden of proving this evidence meets the requirements of after discovered evidence. See *State v. South*, 310 S.C. 504, 427 S.E.2d 666 (1993); *Hayden v. State*, 278 S.C. 610, 299 S.E.2d 854 (1983); *State v. Pierce*, 263 S.C. 27, 207 S.E.2d 414 (1974). In *Hayden*, the Supreme Court held that:

> A party requesting a new trial based on after-discovered evidence must show that the evidence: (1) Is such as would probably change the result if a new trial was had; (2) Has been discovered since the trial; (3) Could not by the exercise of due diligence have been discovered before the trial; (4) Is material to the issue of guilt or innocence; and (5) Is not merely cumulative or impeaching.

This Court finds the Applicant has failed to show the "new evidence" could not, by the exercise of due diligence, have been discovered before his prior PCR hearing. Also, the "new evidence" offered by the Applicant is in no way material to the issue of guilt or innocence and it is not such evidence as would probably change the result if a new trial was had. In conclusion,

6

this Court finds this successive application should not be permitted because the situation as set forth at this hearing does not meet the requirements of after discovered evidence. *South, supra; Hayden, supra*.

This Court finds that the Applicant's arguments at the PCR hearing were unpersuasive. Thus, this Court finds that the Applicant failed to establish sufficient reason why he could not have raised his current allegations in his previous application for PCR and he has failed to meet the burden imposed upon him. *Land v. State*, 274 S.C. 243, 262 S.E.2d 735 (1980); *Aice v. State, supra; Arnold v. State/Plath v. State, supra*. Therefore, except as to the allegations addressed in Section 3 below, this Court finds that it must summarily dismiss the Application for PCR as successive.

### 2. Statute of Limitations

Second, this Court finds that the current application for PCR should be summarily dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. § 17-27-10 to -160 (1976 & Supp. 1997). The Act reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

S.C. Code Ann. § 17-27-45(a) (Supp. 1998).

The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. *Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606 (1996). The Applicant was convicted of the offense(s) he challenges in this Application on June 19, 1991. This Application was filed on September 8, 1997, well after the one year statutory filing period had expired.

At the PCR hearing, the Applicant argued his allegations were not barred by the statute of limitations because they are based on after discovered evidence. As explained above, this Court is not persuaded by the Applicant's arguments. Therefore, except for the allegations addressed in Section 3 below, this Court finds that it must summarily dismiss the Application for PCR for failure to file within the time mandated by statute.

### 3. Al-Shabazz Issues

In his Application, the Applicant alleges the Department of Corrections is erroneously calculating his sentence by failing to

> award him appropriate work, education, and good conduct credits. This Court finds this allegation is neither available in an action for PCR nor in a petition for habeas corpus. The Uniform Post Conviction Procedure Act (the Act) is restricted to collateral attacks challenging the validity of a conviction or sentence (except for two non-collateral matters specifically listed in the Act) and may not be invoked by someone who is seeking review of the Department of Correction's decision in a non-collateral or administrative matter. *Al-Shabazz v. State*, Op. No. 24995 (S.C. Sup. Ct. filed February 14, 2000); *Tutt v. State*, 277 S.C. 525, 290 S.E.2d 414 (1982); *Crowe v. Leeke*, 273 S.C. 763, 259 S.E.2d 614 (1979); S.C. Code § 17-27-20(a) (1985). Thus, questions pertaining to prison living conditions, punishment for violation of institutional rules, and allegations that prison officials have erroneously calculated a sentence, sentence related credits, custody status, or parole eligibility, are not cognizable at PCR. *Id*. Such allegations also may not be raised by way of a petition for habeas corpus since other avenues of seeking relief are now available. *Al-Shabazz, supra*; *Gibson v. State*, 329 S.C. 37, 495 S.E.2d 426 (1998) (availability of habeas corpus has been severely limited by PCR Act, and is available only when other remedies such as PCR are inadequate or unavailable). Therefore, this Court finds that it must summarily dismiss such allegations pursuant to S.C. Code Ann. § I7-27-70 on the basis that there is no genuine issue of material fact which would necessitate an evidentiary hearing and that the Application should be dismissed as a matter of law.
>
> ### 4. All Other Allegations
> As to any and all allegations which were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds that the Applicant failed to present any arguments or evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet her burden of proof regarding them. Therefore, they are hereby denied and dismissed.

On October 9, 2000, Judge Alford entered an order denying a motion for reconsideration. Specifically, Judge Alford stated:

> The Applicant's Motion to Reconsider is denied. Regardless of whether Applicant learned of his 1983 conviction in 1997, he could reasonably have discovered this evidence and could have raised this issue in prior applications for post-conviction relief. Further, his current application for post-conviction relief is barred by the statute of limitations. Applicant was convicted of the offense he challenges in this application in 1991. Applicant's post-conviction relief application was filed on March 24, 1993

8

> and he could have raised this issue in that Application because whatever he knew in 1997 he knew in 1993 insofar as any public documents pertaining to this case. This action was filed more than one year after July 1, 1996 and is barred by the Statute of Limitations because whatever he knew concerning public records affecting his conviction was known and available at that time. He should have been aware it was reasonably available from 1991 on.
>
> Although Applicant alleges that a 1983 conviction was overturned but nevertheless used for enhancement, he never produced any proof of those allegations and, therefore, even if this were not a successive post conviction relief application and even if it did not exceed the limitations period, he has failed to offer ant proof of those allegations. . . .

The petitioner appealed the denial to the South Carolina Supreme Court. In this appeal, he was represented by Aileen Clare of the South Carolina Office of Appellate Defense. On August 10, 2001, she made a petition for writ of certiorari and *Johnson* petition raising the following ground:

> Did the lower court err by summarily dismissing Petitioner's application for post-conviction relief as successive?"

On January 24, 2002, the South Carolina Supreme Court entered its order denying the petition and granting counsel's request to withdraw. The remittitur was entered on February 11, 2002.


***Pending Federal Habeas Action***

In his *pro se* petition before this court, the petitioner raises the following allegations:

> (1)     The South Carolina Department of Correction failed to return lost good time by applying new policy.
>
> > (a)     In early 1993, defendant lost earned good time and after six months without any write-ups caseworker informed defendant his good time was restored. February new case worker informed defendant his good time was not restored this year, 2005. These good time credits increased defendants sentence by twenty days.

9

> Caseworker applied new policy that prevents return of lost good time. The jurisdiction of work credits and earned good time is of this court not state court.
>
> (2)  The South Carolina Department of Corrections enhanced defendant's sentence by lowering the number of work credits defendant received.
>
>> (a)  On November 16, 1994, defendant was head ward keeper and the only work credits for this job was level 2/1, 7 day credit. In 1996 the South Carolina Department of Corrections applied new law and lowered the work credits defendant received which increased defendant's sentence by 312 days and backdated it to November 16, 1994. The jurisdiction of earned work credits is of this Court and if the court orders the credit given, defendant's sentence would be expired.
>
> (3)  The South Carolina Department of Corrections enhanced defendant's sentence from March 29, 2006 to April 2, 2006.
>
>> (a)  The defendant released date on the supervised II, 2 program is March 29, 2006, six months prior to his max-out date. The South Carolina Department of Corrections enhanced defendant's release date to April 2, 2006. The defendant is guaranteed to be released on this program by six months from his max-out date on September 29, 2006. The jurisdiction is of this Court, there are no state remedies on this ground.
>
> (4)  Invalid conviction used to enhance later conviction where the prosecution had actual knowledge of prior (sic).
>
>> (a)  During trial and sentencing phase the prosecution used an invalid conviction of grand larceny to increase the sentencing phase and attack the defendant during his testimony at trial. The invalid prior was a North Carolina charge that was brought to South Carolina for trial. The defendant did not waive jurisdiction. At trial the defendant demanded the prosecution prove the conviction was valid. A second appeal from a post conviction was filed in 2002 and defendant counsel would not submit the issue because defendant did not have court record of the invalid trial but had indictment stating North Carolina charge.
>
> On December 28, 2005, the respondents filed a motion for summary judgment.

By order of this court filed December 29, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d

309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner filed his opposition to the motion on January 30, 2006.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### **ANALYSIS**

The respondents have moved for summary judgment on the petitioner's claims 1, 2, and 3 based on the petitioner's failure to exhaust his state court remedies. At the time the motion for summary judgment was filed, the petitioner was still incarcerated. However, as set forth above, the petitioner's release date was April 2, 2006. From a check of the SCDC website, it appears that the petitioner has indeed been released. Accordingly, his claims for lost good time credits, that the value of his earned work credits were unfairly lowered, and that his release date was supposed to be March 29, 2006, rather than April 2, 2006, are now moot and should be dismissed. *See Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972) and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-247 (1971). Moreover, "'[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment.'" *I.D. by W.D. v. Westmoreland School District*, No. CIV. 91-155-M, 1994 WL 470568, at *3 (D. N.H., September 2, 1994) (quoting *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980)).

The petitioner's claim that his 1991 conviction was tainted by the introduction of evidence of a 1983 conviction should also be dismissed. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth a one year statute of limitations. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). On February 22, 1993, the South Carolina Supreme Court entered its opinion affirming the petitioner's conviction and sentence. *State v. Wease*, 93-MO-051 (SCSCT Feb. 22, 1993). The time period is tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). As noted by the respondents, the petitioner's second state PCR appeal, albeit successive, was denied on January 24, 2002, and the remittitur was entered on February 11, 2002. Accordingly, the petitioner had until February 11, 2003, to file his federal petition. The *Houston v. Lack*, 487 U.S. 266 (1988) delivery date of the instant petition is July 22, 2005 (8/26/05 Proper Form Order at 1 n. 1). The respondents note that the petitioner knew of the matter as a possible claim in 1992, as reflected in his first federal habeas action.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 19, 2006

Greenville, South Carolina

13